_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
February 04, 2013

_____

TIFFANY & BOSCO, P.A.
Gregory L. Wilde, Esq.
Nevada Bar No. 004417
212 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone: 702 258-8200
Fax: 702 258-8787
nvbk@tblaw.com

Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP
12-77341

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In Re: | |
|---|---|
| Javier Aguilar and Cristina Aguilar | BK-S-12-19637-mkn |
| | Chapter 13 |
| Debtors. | |

**ORDER APPROVING THE STIPULATION CLARIFYING PLAN TREATMENT OF PROPERTY LOCATED AT 4153  ZAVALA ST. , LAS VEGAS, NV 89103**

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Stipulation Clarifying Plan Treatment of Property Located at 4153  Zavala St. , Las Vegas, NV 89103, between secured creditor and debtors for collateral valuation, a copy of which is attached hereto as **Exhibit "1"**, is hereby entered as an Order of the Court.

IT IS SO ORDERED.

###

1

EXHIBIT "1"

**TIFFANY & BOSCO, P.A**
Gregory L. Wilde, Esq.
Nevada Bar No. 004417
212 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone:  702 258-8200
Fax:  702 258-8787
nvbk@tblaw.com

Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP
12-77341

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In Re: | BK Case No.: 12-19637-mkn |
|---|---|
| Javier Aguilar and Cristina Aguilar | Date:  December 13, 2012<br>Time: 3:15pm |
| | Chapter 13 |
| Debtors. | |

### STIPULATION CLARIFYING PLAN TREATMENT OF PROPERTY LOCATED AT 4153  ZAVALA ST. , LAS VEGAS, NV 89103

THIS MATTER HAVING been negotiated in good faith as between the parties, Gregory L. Wilde, Esq. of the Tiffany & Bosco, P.A. attorneys of record for Secured Creditor Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP, having appeared and Javier Aguilar and Cristina Aguilar appearing through Michael J. Harker, Esq., and this Court being fully advised on the premises, and good cause appearing;

IT IS HEREBY STIPULATED AND AGREED that the value of the Subject Property described as follows: **4153  Zavala St., Las Vegas, NV 89103**, shall be adjudicated to be $117,500.00 for the purposes of bifurcating the claim of Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP.

1 IT IS FURTHER STIPULATED AND AGREED that the Debtors shall maintain regular amortized monthly payments of $2,230.82 at 5.25% per annum over 5 years on the total crammed down value of $117,500.00.  Prior to confirmation of a Chapter 13 Plan, Debtors shall make adequate protection payments to Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP in the amount of $2,230.82 per month beginning January 1, 2013.

IT IS FURTHER STIPULATED AND AGREED that in addition to the monthly mortgage payment, the Debtor shall maintain an escrow account with Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP for the insurance and property taxes on the Property. The current monthly escrow payment is $246.63, which may change as escrow needs are reanalyzed over the remaining life of the loan.

IT IS FURTHER STIPULATED AND AGREED that the Debtors shall timely perform all of the obligations under Secured Creditor's loan documents and Chapter 13 Plan as they come due, including but not limited to the payment of real estate taxes, maintaining insurance coverage, Chapter 13 Plan payments.

IT IS FURTHER STIPULATED AND AGREED that in the event the Debtors fail to timely perform any of the obligations set forth in this Order and Debtors' Chapter 13 Plan, Secured Creditor shall notify Debtors and Debtors' counsel of the default in writing. Debtors shall have fifteen (15) calendar days from the date of the receipt of the written notification to cure the default and to provide proof to Secured Creditor's counsel of the cure of the default.

IT IS FURTHER STIPULATED AND AGREED that if the Debtors fail to timely cure the default, Secured Creditor shall be entitled to lodge a Declaration of Default and an Order Terminating the Automatic Stay. The Order shall be entered without further hearing. The automatic stay shall be

immediately terminated and extinguished for all purposes as to Secured Creditor and Secured Creditor may proceed with foreclosure of the subject property, pursuant to applicable state law, and without further Court Order of proceeding being necessary, proceed with post-foreclosure remedies, including unlawful detainer, if required. Upon disposition of collateral, Secured Creditor will amend or delete its Proof of Claim within sixty (60) days of completion of the foreclosure or the claim shall be deemed withdrawn, and provide Trustee notice of the same.

IT IS FURTHER STIPULATED AND AGREED that Secured Creditor's lien shall not be paid in full pursuant to the cramdown, and the lien shall not be released, unless Debtors complete the 60-month Chapter 13 Plan and receives a discharge. Once the Debtors receive the discharge, the debt shall be paid in full and Secured Creditor shall release the lien accordingly. In the event the Debtors do not receive a discharge, the case is converted to a Chapter 7 or 11, the bankruptcy case is dismissed, or Secured Creditor obtains relief from the automatic stay, the amounts owed shall be owed pursuant to Secured Creditor's original loan documents. In the event of the sale or transfer of the Property during the pendency of the bankruptcy, the cramdown shall be moot and the loan shall be paid in full pursuant to Secured Creditor's original loan documents unless notice and approval is received from the Court otherwise.

IT IS FURTHER STIPULATED AND AGREED that the terms of this Stipulation are only binding during the pendency of the instant Chapter 13 Bankruptcy Case, and upon the Debtors' successful completion of the same.  In the event case converts to a Chapter 7 or 11 proceeding or is dismissed, then the terms of the Stipulation will be null and void.

IT IS FURTHER STIPULATED AND AGREED the Debtors shall amend the Chapter 13 Plan

///

1  within sixty (60) days to incorporate the terms of this Stipulation.

Submitted by:

TIFFANY & BOSCO, P.A

By _____
    GREGORY L. WILDE, ESQ.
    Attorneys for Secured Creditor
    212 South Jones Blvd.
    Las Vegas, NV 89107

APPROVED AS TO FORM & CONTENT:

Michael J. Harker, Esq.                          Kathleen A. Leavitt

By /s/ Michael J. Harker, Esq                    By _____
Michael J. Harker, Esq.                             Kathleen A. Leavitt
Attorney for Debtor                                 Chapter 13 Trustee
5550 Painted Mirgage Rd., Ste #255,                 201 Las Vegas Blvd., SO. #200,
Las Vegas, NV 89149                                 Las Vegas, NV 89101